## Louisville Gas & Electric Company v. Mobley.

(Decided November 18, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Gas—Diminution in Market Value of Business from Failure to Furnish Gas too Speculative and Remote.—Diminution in market value of business was not proper element of damages for failure to furnish to restaurant natural gas in accordance with franchise ordinance, as such damage would be too speculative, remote, and uncertain to be allowed.

MATT O'DOHERTY for appellant.

GROVER G. SALES for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Robert L. Mobley, who conducted a restaurant in the city of Louisville during the winter of 1917, brought this suit against the Louisville Gas & Electric Company

to recover damages for its failure to furnish him natural gas for heating and cooking purposes in accordance with the terms of the franchise ordinance under which it was operating. The company filed an answer setting up several defenses. A demurrer was sustained to the second, third, fourth, sixth and seventh paragraphs of the answer, and the court peremptorily instructed the jury to find for plaintiff. From a verdict and judgment in his favor for $500.00 the company has appealed.

The main questions here involved were all considered in the recent case of Louisville Gas & Electric Company v. Sherman, 202 Ky. 648, 261 S. W. 1, and for the reasons therein stated a new trial will have to be granted.

In its instructions the court not only authorized the jury to find for loss of profits, but also for the dimunition in the fair market value of plaintiff's business. It is true that the jury found no damages on account of the diminution in the market value of the business, but in view of another trial we deem it proper to say that no damages on that account should have been authorized by the instructions. The particular damage was asked on the ground that plaintiff was forced by the shortage of gas to sell his business at a loss. As a matter of fact, the supply of gas was adequate when the business was sold, and the evidence was insufficient to show either that plaintiff was forced to sell by the shortage of gas, or that he would have received a higher price for the business if there had been no shortage. Not only so, but the damages were too speculative, remote and uncertain to be allowed.

Judgment reversed and cause remanded for a new trial consistent with this opinion.